UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:17-CR-00044-3 |
| ANDREW RYAN LESLIE | CHIEF JUDGE CRENSHAW |

**DEFENDANT ANDREW RYAN LESLIE'S
POSITION REGARDING PRESENTENCE REPORT**

Defendant, Andrew Ryan Leslie, by and through undersigned counsel, Jennifer Lynn Thompson, respectfully provides notice of the following objections to the Presentence Report:

**Release Status**, p. 2 <u>October 18, 2016</u>: Counsel contends that Mr. Leslie's arrest in Florida was on a case *related* to his current case in the Middle District of Tennessee.  <u>March 1, 2018</u>: Counsel contends that Mr. Leslie's sentencing in Florida was on a case *related* to his current case in the Middle District of Tennessee. This will be addressed later in the objections under <u>Adult Criminal Convictions</u>, §61, p. 19.

**Part A – The Offense**, p. 7, **The Offense Conduct** <u>Website A</u>, ¶10.  Mr. Leslie was not a member/user with access to the "VIP" section of Website A.

**Part A – The Offense**, p. 9, **The Offense Conduct** ¶12. Counsel has reviewed the discovery provided and cannot find support for the following facts:  1. that Website A had over 1,500 members, 2. that many people (this seems to imply over half of the people) actively posted new content, and 3. that over 600 images were advertised/distributed.  Because this information was not provided in the discovery, Counsel objects it being included in the facts supporting offense conduct.  Fn. 2. While the Government may have received a copy of a forensic report which

reflects over 15,000 images and 150 videos of child pornography were extracted from Website A and submitted to the National Center for Missing and Exploited Children, Counsel cannot find any such report in the discovery.  On Friday, July 26, 2019, Counsel again reviewed the discovery looking for the report to which probation is referring but cannot find it. She objects to this information being cited at sentencing.  Counsel is not in a position to admit or deny the validity of the information.

**Part A – The Offense**, p. 9, **The Offense Conduct** ¶14, fn. 3. Counsel believes that during the plea colloquy, when asked whether the following statement was accurate, "In October 2016, federal agents executed a search warrant at Andrew LESLIE's residence.  When they arrived, LESLIE had been in bed with a female toddler." Mr. Leslie stated something to the effect that on the day and time the search warrant was executed, he had been co-sleeping with the child but had not been having sex with her.  Mr. Leslie pled guilty to the production of child pornography in the Florida Middle District in which Child 1 was a victim; the facts surrounding that plea are not denied by Mr. Leslie.

**Part A – The Offense**, p. 10, **The Offense Conduct** ¶15. Counsel concedes that on October, 2016, during the search warrant execution at Mr. Leslie's residence, there was a digital camera on a table next to the master bed.  An on-site forensic review of the memory card in that camera revealed child pornography created on October 14, 2016.  Child 1 was identified as being the child in some of the photographs from the memory card.  In addition, the hand in the photographs matched photographs of Mr. Leslie's hand taken that same day.  Mr. Leslie was arrested based on these facts.  He later pled guilty to related charges. The remaining computer media listed in this paragraph was encrypted. Later in the case, Mr. Leslie provided the

Government with the passwords to this information during a proffer session[1]. But for Mr. Leslie's cooperation, the Government would not have had access to this information. Counsel was not provided with evidence that Mr. Leslie's temporary Internet files revealed hundreds of visits to child pornography websites on Tor, including Website A. She objects to this information being cited at sentencing. Counsel is not in a position to admit or deny the validity of the information.

**Part A – The Offense**, p. 10, **The Offense Conduct** ¶16. The computer media (except for the camera noted above) in this paragraph was encrypted. Counsel reviewed a report provided to her in the discovery that stated there were 68 images in a folder titled "TheAwsomeBaby." The report implied that these images were created by Mr. Leslie. Aside from that, the Government has not provided Counsel with a forensic report stating how many child pornography images were found on Mr. Leslie's computer and how many of these were created by Mr. Leslie, so Counsel is not in a position to admit or deny that Mr. Leslie "possessed over 5,000 images and 20 videos within 230 series" Because no report supporting the fact that was provided in the discovery, Counsel objects to this information being presented at sentencing. Counsel did not receive any NCMEC reports included with the discovery in this case and cannot confirm or deny how many "series" were involved.

**Part A – The Offense**, p. 11, **Victim Impact** ¶18. Counsel did not receive any NCMEC reports included with the discovery. Because these reports were not provided in the discovery, Counsel objects to the victim information being used at sentencing to establish restitution payments or for other reasons. It is not that Counsel is in a position to admit or deny the presence

---

[1] Counsel has issues with the terms of the Florida proffer session and the reasonableness of the agreement. Counsel will discuss these issues in later pleadings.

of these files on his computer. It is Counsel's position that because the Government failed to provide relevant facts regarding the identification of specific victims in this case during the discovery process or before the guilty plea, such as NCMEC reports, the Government cannot now bring in new information to support the victim impact information or request restitution.

**Part A – The Offense**, p. 11, **Victim Impact** ¶19. Counsel objects to the language of paragraph 18. He submits that he does not know the identity of "G.S." and victim "G.S." did not have contact with Mr. Leslie. Because no information about this victim was provided in the discovery, Counsel objects to the victim information being used at sentencing to establish restitution payments or for other reasons.

**Part A – The Offense**, p. 11, ¶20, **Victim Impact**. In the discovery, Counsel was not provided with "a separate NCMEC identification report that revealed in addition to some of the series recovered from Website A, the images included various other series, including, but not limited to the '8Kids Series,' 'Ballet Girl Series,' 'Bright Pink Toddler Series,' 'Hawaiian Purpose Series,' and the 'Surfer Hair Series.'" Because no information about these images was provided in the discovery, Counsel objects to the victim information being used at sentencing to establish restitution payments or for other reasons.

**Part A – The Offense**, p. 11, **Victim Impact** ¶20-29. Counsel did not receive any NCMEC reports included with the discovery. Because these reports were not provided in the discovery, Counsel objects to the victim information from the series listed in this paragraph being used at sentencing to establish restitution payments or for other reasons.

Counsel also objects to the to the amount of restitution requested. Restitution under 18 U.S.C. §2259 is only proper to the extent the defendant's offense proximately caused a victim's

4

Case 3:17-cr-00044   Document 163   Filed 07/26/19   Page 4 of 8 PageID #: 670

losses. Paroline v. US, 134 S.Ct. 1710, 1722 (2014). The primary problem, in these types of cases is the proper standard of "causation in fact." The traditional way to prove that one event was a factual cause of another is to show that the latter would not have occurred "but for" the former. In this case, the restitution requests cannot show that in this case, however, a showing of "but-for" causation cannot be made. The requests for restitution have failed to prove specific losses caused by Mr. Leslie. Therefore, restitution should be denied.

**Part A – The Offense**, p. 15, **Offense Level Computation Offense Behavior Not Part of Relevant Conduct** ¶44. Cache of Cheese Pizza website was not part of the indictment in this case and was not a necessary element/fact needed to establish guilt in this matter. Mr. Leslie was required to admit or deny whether or not he participated in this Cache of Cheese Pizza website over the objections of his attorney at his guilty plea.

**Part A – The Offense**, p. 18, **Adult Criminal Convictions** ¶47. Counsel would state that the conviction from the Florida Middle District is a related case and not an "unrelated case" therefore it does not count in the criminal history calculations. As support, Counsel would show that the Search Warrant Application in the Florida case stated that Homeland Security Investigations was investigating "Website X." It goes on to state that Website X contained sections labeled "Girls" and "Boys" and within each of these sections are several forums, including: "Pre-teen Hardcore," "Pre-teen Softcore/Non-nude," "Model/Producer section," "Babies and toddlers," and "Requests." This is the same language found on Page 6, Paragraph 7 of the Presentence Report. The Application goes on to say that to "become a Member, an administrator or moderator of the board must approve a user, by reviewing their 'application post.' A user is only approved to be a Member after they apply for full membership by creating a

5

post containing child pornography. This posting is typically referred to as the application post. If the posting does not clearly depict minors in sexually explicit images and videos, or other posting rules are not followed, a user is not approved for membership in the Website X." This description is similar to the language on Page 7, Paragraph 8 of this PSR. Continuing, the application states to "become a Member, an administrator or moderator of the board must approve a user, by reviewing their 'application post.' A user is only approved to be a Member after they apply for full membership by creating a post containing child pornography. This posting is typically referred to as the application post. If the posting does not clearly depict minors in sexually explicit images and videos, or other posting rules are not followed, a user is not approved for membership in the Website X material and determines whether to approve the applicant for membership in the VIP section." This language mirrors the language if Page 7, Paragraph 10.

The Application also describes the initial investigation into this case when it states that on "October 6, 2016, your affiant was . . . informed. . . that several days prior (on or about October 3, 2016), SA Squire was involved in the investigation and arrest of three individuals in Richmond, Virginia, two of whom were purportedly high-ranking members of the Website X. These two individuals are identified in this affidavit as [Falte] and [Faulkner] I know that [Falte] and [Faulkner] were charged with crossing a state line with the intent to engage in a sexual act with a minor under the age of 12 years. [Falte] admitted knowing Andrew Leslie through chatting with him online through various online forums for several years. [Falte] said he and Leslie would discuss about [sic] their attraction to children. [Falte] said they would communicate through an online encrypted chat application that [Falte] identified by name, or through the private messaging/chat features on the Website X. [Falte] said he met Andrew Leslie once in person in

6

Nashville, Tennessee in approximately March 2016. [Falte] met Andrew Leslie at the Gaylord Opryland Mall and they stayed the night at a hotel near the airport."

Furthermore, the Florida production of child pornography charges could have been brought in the Middle District of Tennessee as venue would have been proper. In accordance with 18 U.S.C. §3237(a) because the offense involves the transportation in interstate or foreign commerce, the offense is considered a continuing offense and may be "inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves." See U.S. v. Engle, 676 F.3d 405, 413 (4th Cir. 2012). The federal government chose to prosecute the production case in Florida, but it cannot then use this fact to divorce the two cases from one another. The conduct is still related per the U.S.S.G. §4A1.2(a) and §1B1.3. Mr. Leslie's criminal history points should be 0, establishing a Criminal History Category of I.

**Part B – The Defendant's Criminal History**, p. 15, **Other Criminal Conduct** ¶48. Mr. Leslie would like to clarify that he did not discipline any children for not participating in sexual acts.

**Sentencing Recommendation,** p. 33, ¶7, Restricted Contact with Minors. Mr. Leslie does not know the identity of "G.S." and "G.S." was not one of the individuals with which he had an encounter.

Respectfully submitted,

s/Jennifer Lynn Thompson
Jennifer Lynn Thompson
Tenn. BPR 18250
Attorney for Andrew Leslie
810 Broadway, Suite 305
(615) 601-2484 office
(615) 246-4111 fax

nashvilleattorney@gmail.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served by CMECF system to the following registered counsel of record and if not registered, via U.S. Mail:

| | |
|---|---|
| Carran Daughtrey | Byron Jones |
| Assistant United States Attorney | Assistant United States Attorney |
| Office of the United States Attorney | Office of the United States Attorney |
| 110 9th Avenue, S | 110 9th Avenue, S |
| Suite A-961 | Suite A-961 |
| Nashville, TN 37203-3870 | Nashville, TN 37203-3870 |

On this the 26th day of July, 2019.

/s/ Jennifer Lynn Thompson
Jennifer Lynn Thompson