IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No: 3:17-cr-00044 |
| | ) | Chief Judge Crenshaw |
| ANDREW RYAN LESLIE | ) | |

**POSITION OF THE GOVERNMENT**
**REGARDING PRESENTENCE REPORT**

The government has reviewed the revised pre-sentence report for defendant Andrew Leslie and has one substantive objection to the calculation of the Sentencing Guidelines, which was communicated to the Probation Officer on July 19.

Paragraph 37 does not increase the offense level for Leslie's role in the offense. The offense level should be increased by 4 levels under U.S.S.G. §3B1.1(a) because "the defendant was an organizer or leader of a criminal activity that involved five or more participants." Leslie created and administered another Tor child pornography website, Cache of Cheese Pizza (CCP), which should be considered relevant conduct. CCP contained "hurtcore" and "gore content" images and videos depicting extremely graphic sexual violence against children. Leslie administered this site during the same time period as Giftbox.

Because the offense level for engaging in a child exploitation enterprise is determined largely on the basis of the total harm, this count groups under §3D1.2(d). The Court should therefore apply the broader definition of relevant conduct which includes all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. §1B1.3(a)(2). "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose or similar modus operandi . . .

1

Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. §1B1.3(a)(2), application note 5(B). Multiple common factors are present here. There are four websites that are related in this case—Giftbox Exchange, Child's Play, Cache of Cheese Pizza, and Private Pedo Club. These websites had overlapping members, including the defendants here. For example, Falte, Faulkner, and Bedusek were all members of Child's Play. Indeed, Faulkner was an administrator of both Giftbox and Child's Play. The sites also had a common purpose: they were all dedicated to the trading of child pornography. Likewise, they had a similar modus operandi: hosted on Tor to hide their IP addresses and set up as bulletin boards where users posted links to child pornography hosted on file-sharing sites. At the very least, the defendants' participation in these websites was part of an "ongoing series of offenses. *See id.*

If the Court were to consider this case under the narrower definition of relevant conduct in §1B1.3(a)(1)(A), it should still find that Faulkner's creation and administration of Child's Play is relevant conduct. Under that definition, relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction." §1B1.3(a)(1)(A). Engaging in a child exploitation enterprise is a broad offense. It encompasses all manner of violations of the child-pornography statutes, and nothing in the statute limits the offense to one particular website.

As evidence of the relationship between Giftbox and CCP—and the overlapping time frame—Leslie made a post on Giftbox to inform the community that he was shutting down CCP:

2



This demonstrates that the operation of CCP occurred during the commission of the instant offense. And it was clearly relevant to members of Giftbox as Leslie felt the need to keep "the community" informed through Giftbox.

The adjusted offense level in paragraph 39 should therefore 45, and the total offense level

3

in paragraph 43 should be 42.

                                              Respectfully submitted,

                                              DONALD Q. COCHRAN
                                              United States Attorney

                                              s/ *Lauren E. Britsch*
                                              LAUREN E. BRITSCH
                                              Trial Attorney
                                              Child Exploitation & Obscenity Section
                                              Criminal Division, U.S. Dep't of Justice

                                              S. Carran Daughtrey
                                              Assistant United States Attorney
                                              110 Ninth Avenue South, Suite A-961
                                              Nashville, Tennessee 37203-3870
                                              Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the above styled pleading with the clerk of the court on July 26, 2019, by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

s/ *Lauren E. Britsch*
LAUREN E. BRITSCH